1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  TROY B. OVERTON (State Bar No. 171263)
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
5   Telephone: (415) 703-5516
    Facsimile:  (415) 703-5480
6

7  Attorneys for Defendant the Honorable William C.
   Harrison, Judge of the Superior Court
8

9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12

| | |
|---|---|
| 13  ALBERTA ROSE JONES, | C-07-04421 JW |
| 14              Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WILLIAM C. HARRISON'S MOTION TO REMAND OR, IN THE ALTERNATIVE, MOTION TO DISMISS** |
| 15          v. | |
| 16  KELKRIS ASSOCIATES INC. DBA CREDIT BUREAU ASSOCIATES, KATHRYN A. PARSONS, TERRY A. DUREE, LINDA G. ASHCRAFT, MICHAEL MATTHEWS, MOES PROCESS SERVING, AVA E. WILLIAMS, WENDY A. GETTY, PATRICIA COLEMAN, SJOAN CRAWFORD, KARL PHILLIPS, WILLIAM C. HARRISON, EDMUND G. BROWN JR. BARBARA BOXER, UNITED STATES OF AMERICA AND DOES 1-100, | Date:  December 3, 2007<br>Time:  9:00 a.m.<br>Place:  Federal Building<br>        280 South First Street<br>        San Jose, California<br>        Courtroom 8, Fourth Floor<br>        Hon. James Ware |
| 22              Defendants. | |

        Defendant William C. Harrison (hereinafter "Judge Harrison") hereby submits the following

memorandum of points and authorities in support of his motion to remand or, in the alternative,

motion to dismiss.

                        **STATEMENT OF ISSUES**

        Plaintiff Alberta Rose Jones was a defendant in  in Solano County, California in a state court

case entitled *Kelkris Associates v. Jones*, Superior Court case No. FCM 093334. By this action, Ms. Jones seeks to remove the Solano County Superior Court case and name additional defendants and claims for relief. To the extent that this case is considered to have been removed from the Superior Court, it should be remanded for lack of subject matter jurisdiction and for failure to follow the rules governing removal.

Alternatively, to the extent that this action can be characterized as an original civil rights action under 42 U.S.C. section 1983, the action should be dismissed. Ms. Jones's Notice of Removal fails to state facts sufficient to give rise to an actionable claim. Further, under these circumstances, abstention is warranted under the Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971).

Finally, Judge Harrison whom plaintiff seeks to add as a defendant in this court is entitled to judicial immunity. Judge Harrison respectfully requests that this Court dismiss this action if it does not remand it.

## STATEMENT OF FACTS

This removal action stems from a debt collection action in a case in the Superior Court, County of Solano, in which plaintiff Alberta Rose Jones was a defendant (Removal Notice, Pages 3 to 6). In *Kelkris Associates v. Jones*, Solano County Superior Court Case No. FCM 093334, which appears to have been initiated on March 15, 2006, Kelkris Associates alleged that Ms. Jones and others owed it $3,000.00 plus interest for a breach of contract (Removal Notice, Pages 23 to 24). On June 15, 2006, a default judgment in the amount of $4,606.00 was entered against Ms. Jones (Removal Notice, Pages 13 to 16).

By this action, Ms. Jones seeks to remove this Solano County state court contract case and allege additional claims for relief based on U.S.C. § 1983 and California Tort Law (Removal Notice, Pages 7-8). In addition to the claims for relief, Ms. Jones also seeks to add approximately fifteen (15) additional defendants (Removal Notice, Pages 1 to 7). These additional defendants include

2

Judge Harrison (*Id.*).  Ms. Jones alleges, among other things, that Judge Harrison knew Kelkris Associates dba Credit Bureau Associates and their attorney Terry Duree are " . . . filing lawsuits in which they have not been assigned . . ." and that Judge Harrison had a motive to harass the plaintiff (Removal Notice, Page 7).

**ARGUMENT**

**I.**

**THIS ACTION SHOULD BE SUMMARILY REMANDED TO THE SUPERIOR COURT BECAUSE THIS CASE IS NOT SUBJECT TO REMOVAL AND BECAUSE MS. JONES HAS FAILED TO COMPLY WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

To the extent that this action is viewed as an action removed from state court, this Court should exercise its authority under 28 U.S.C. section 1446(c)(4) to summarily remand it.

This Court lacks jurisdiction over *Kelkris Associates v. Jones*, Solano County Superior Court Case No. FCM 093334 because neither diversity of citizenship nor federal subject matter jurisdiction exists in limited jurisdiction contract cases in which a judgment has been entered in the Superior Court.  (28 U.S.C. § 1441(b).)  Diversity jurisdiction cannot exist in the state court proceeding because Ms. Jones admits that she is a resident of the State of California (Removal Notice, Page 2). (28 U.S.C. § 1332.)

Federal question jurisdiction is also absent from *Kelkris Associates v. Jones*, Solano County Superior Court Case No. FCM 093334.  The existence of federal question jurisdiction needed for removal is determined by examining the face of the Ms. Jones's complaint as it existed at the time of removal. (*Lippitt v. Raymond James Financial Services*, 340 F.3d 1033, 1040 (9th Cir. 2003).)  Thus, the question is whether the Limited Jurisdiction contract complaint filed by Kelkris Associates stated a federal question claim, *not* whether the federal law was violated during the course of those proceedings as Ms. Jones alleges.  Thus, this case should be remanded because this Court lacks jurisdiction.

Points and Auth. In Support Of Hon. William C. Harrison's Motion To Remand/Dismiss
*Jones v. Kelkris Associates, et al.*                                           Case No. C-07-04421 JW

This action should also be remanded for failure to comply with the procedural requirements for removal.  The Notice of Removal fails to satisfy the requirement that it be filed within 30 days of the receipt of the pleading.  (28 U.S.C. § 1446(b).)  While Ms. Jones filed her Notice of Removal on August 27, 2007, *Kelkris Associates v. Jones*, Solano County Superior Court Case No. FCM 093334 appears to have been initiated March 15, 2006, well more than 30 days prior to Ms. Jones's filing of her Notice of Removal.  These procedural defects, in addition to the lack of removal jurisdiction, compel dismissal of this action.

**II.**

**ALTERNATIVELY, IF THIS ACTION IS CONSIDERED AN ORIGINAL ACTION RATHER THAN A REMOVED ACTION, IT SHOULD BE DISMISSED.**

Although Ms. Jones apparently has not filed a complaint in this action, this case should be dismissed if it is considered an original action in federal court rather than a removed action.  Dismissal of the entire action is warranted for two reasons:

First, Ms. Jones's Removal Notice fails to allege sufficient facts to maintain a claim for relief against Judge Harrison.  A Rule 12(b)(6) motion to dismiss should be granted when the facts pleaded in Ms. Jones's complaint do not give rise to an actionable claim.  (See *Lujan v. National Wildlife Federation,* 497 U.S. 871 (1990).)  As to Judge Harrison, Ms. Jones' Notice of Removal alleges only that Judge Harrison knew Kelkris  Associates dba Credit Bureau Associates along with their attorney Terry Duree are " . . . filing lawsuits in which they have not been assigned . . ." and that Judge Harrison had a motive to harass the plaintiff (Removal Notice, Page 7).

First, even if accepted as true for purposes of this motion, none of the factual allegations asserted against Judge Harrison give rise to any actionable claims and thus, all claims for relief alleged against Judge Harrison in this action should be dismissed pursuant to Rule 12(b)(6).

Second, this Court should dismiss this action pursuant to the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971). (See *Quakenbush v. Allstate Insurance Company*, 517 U.S.

4

Points and Auth. In Support Of Hon. William C. Harrison's Motion To Remand/Dismiss
*Jones v. Kelkris Associates, et al.*                                    Case No. C-07-04421 JW

706 (1996).)  In *Younger*, the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." (*H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citation omitted).)  "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." (*Id.* (citation omitted).)  If the *Younger* doctrine applies to a case, it must be dismissed.  (*Id.*)

*Younger* abstention applies here for the reasons set forth by the Ninth Circuit in *H.C. v. Koppel, supra,* 203 F.3d 610.  In that case, a mother and her minor daughter sued a California trial court, a trial court judge, and a minor child's guardian, seeking an injunction that would govern a state court custody dispute.  (*Id.* at 612.)  The Ninth Circuit affirmed the trial court's dismissal of the action on *Younger* grounds.  (*Id.* at 613.)  "[A] state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'"  (*Id.* (citation omitted).)  Abstention was appropriate, the Ninth Circuit held, because the plaintiffs' purpose of seeking federal intervention into a state action "is not the proper business of the federal judiciary."  (*Id.* at 613-614.)

The Ninth Circuit's holding in *H.C.* is applicable to Ms. Jones' action.  Like the plaintiffs in *H.C. Koppel*, Ms. Jones wants the federal court to vacate the Superior Court's entry of judgment in a limited jurisdiction action.  Such orders would plainly interfere with the Superior Court's adjudication of those that matter.  Thus, this Court should dismiss Ms. Jones' action on *Younger* grounds.

### III.

### JUDGE HARRISON IS ENTITLED TO JUDICIAL IMMUNITY.

As set out above, Ms. Jones's Notice of Removal makes allegations against Judge Harrison stemming from Judge Harrison's status as the judge presiding over *Kelkris Associates v. Jones*, Solano County Superior Court Case No. FCM 093334  (Removal Notice, Pages 7 & 23).  In

Points and Auth. In Support Of Hon. William C. Harrison's Motion To Remand/Dismiss
*Jones v. Kelkris Associates, et al.*                                          Case No. C-07-04421 JW

1  connection with that case, Ms. Jones alleges, among other things, that Judge Harrison knew Kelkris

2  Associates dba Credit Bureau Associates along with their attorney Terry Duree are " . . . filing

3  lawsuits in which they have not been assigned . . ." and that Judge Harrison had a motive to harass

4  the plaintiff (Removal Notice, Page 7).

5            Judges are absolutely immune from personal liability for damages under 42 U.S.C.

6  § 1983 for torts committed in their official functions (*Stump v. Sparkman*, 435 U.S. 349 (1978). In

7  the present case, all of the allegations against Judge Harrison in the Notice of Removal appear to

8  stem from Judge Harrison's official functions as the judge presiding over *Kelkris Associates v.*

9  *Jones*, Solano County Superior Court Case No. FCM 093334. Thus, it is clear that Judge Harrison

10  is entitled to judicial immunity and all claims for relief against him should be dismissed without

11  leave to amend.

12                    **CONCLUSION**

13            For the foregoing reasons, Judge Harrison respectfully requests that this action be summarily

14  remanded. Alternatively, the judge requests that this action be dismissed.

15            Dated: September 14, 2007

16

17                              Respectfully submitted,

18                              EDMUND G. BROWN JR.
                                Attorney General of the State of California

19                              PAUL T. HAMMERNESS
                                Supervising Deputy Attorney General

20

21                              /s/ Troy B. Overton
                                TROY B. OVERTON

22                              Deputy Attorney General

23                              Attorneys for Defendant the Honorable William
                                C. Harrison, Judge of the Superior Court

24

25

26
                                          6
27  Points and Auth. In Support Of Hon. William C. Harrison's Motion To Remand/Dismiss
    *Jones v. Kelkris Associates, et al.*                          Case No. C-07-04421 JW
28