1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  TROY B. OVERTON
   Deputy Attorney General
4  Supervising Deputy Attorney General
   TOM BLAKE (State Bar No. 51885)
5  Deputy Attorney General
     455 Golden Gate Avenue, Suite 11000
6    San Francisco, CA 94102-7004
     Telephone: (415) 703-5516
7    Facsimile:  (415) 703-5480

8  Attorneys for Defendant the Honorable William C.
   Harrison, Judge of the Superior Court and the
9  Honorable Edmund G. Brown Jr., Attorney General of
   the State of California
10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

| | |
|---|---|
| ALBERTA ROSE JONES,<br><br>                              Plaintiff,<br><br>         v.<br><br>KELKRIS ASSOCIATES INC. DBA CREDIT BUREAU ASSOCIATES, KATHRYN A. PARSONS, TERRY A. DUREE, LINDA G. ASHCRAFT, MICHAEL MATTHEWS, MOES PROCESS SERVING, AVA E. WILLIAMS, WENDY A. GETTY, PATRICIA COLEMAN, SJOAN CRAWFORD, KARL PHILLIPS, WILLIAM C. HARRISON, EDMUND G. BROWN JR. BARBARA BOXER, UNITED STATES OF AMERICA AND DOES 1-100,<br><br>                              Defendants. | C-07-04421 JW<br><br>**JOINDER BY ATTORNEY GENERAL EDMUND G. BROWN JR. IN THE HONORABLE WILLIAM C. HARRISON'S NOTICE OF MOTION AND MOTION TO REMAND OR, IN THE ALTERNATIVE, MOTION TO DISMISS; POINTS AND AUTHORITIES**<br><br>Date:  December 3, 2007<br>Time:  9:00 a.m.<br>Place: Federal Building<br>       280 South First Street<br>       San Jose, California<br>       Courtroom 8, Fourth Floor<br>       Hon. James Ware |

**TO PLAINTIFF IN PROPRIA PERSONA:**

**PLEASE TAKE NOTICE** that on December 3, 2007, at 9:00 a. m. in Courtroom 8 of the above-entitled court, located at 280 South First Street, Fourth Floor, San Jose, California, defendant

the Honorable Edmund G. Brown Jr., Attorney General of the State of California (hereafter, "Attorney General"), will and does hereby join in the motion of the Honorable William C. Harrison ( hereinafter "Judge Harrison") and hereby moves to remand this action to the Superior Court or, in the alternative, to dismiss this action. The Attorney General moves to remand this action because neither diversity of citizenship nor a federal question exists in the underlying action of *Kelkris v. Jones*, Solano County Superior Court Case No. FCM 093334 (28 U.S.C. § 1441(b)). Accordingly, it should be summarily remanded pursuant to 28 U.S.C. section 1446(c)(4). The action should also be remanded because removal was untimely and otherwise procedurally defective as set out in Judge Harrison's moving papers. (28 U.S.C. § 1446.)

Alternatively, this action should be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim for which relief can be granted. Plaintiff's Removal Notice fails to allege sufficient facts to maintain a claim for relief against the Attorney General. This action is barred pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

The motion will be based on this notice of motion, the memorandum of points and authorities filed in support thereof, and on all papers and pleadings on file herein.

Dated: September 14, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General

TROY B. OVERTON
Deputy Attorney General

_____
TOM BLAKE
Deputy Attorney General

Attorneys for Defendant the Honorable William C. Harrison, Judge of the Superior Court and the Honorable Edmund G. Brown Jr., Attorney General of the State of California

## POINTS AND AUTHORITIES

Attorney General Brown was not a party in the state court case that plaintiff ostensibly seeks to remove. The Attorney General joins in Judge Harrison's motion to remand or dismiss and incorporates herein by reference the grounds set forth in Judge Harrison's motion.

The plaintiff's pleading[1] impermissibly seeks damages from the Attorney General. There is no allegation that the Attorney General owed plaintiff any specific duty. Public entities are not liable in tort for negligence except where there is a specific statute declaring them to be liable or creating a specific duty of care. See *Munoz v. City of Union City,* 120 Cal. App. 4th 1077, 1097-98 (2004) (quoting *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175 (2003).

Vague and conclusory allegations of official participation in alleged civil rights violations (as at pg., 6 of the moving papers) are not sufficient to survive a motion to dismiss. *Ivey v. Board*

---

1. It is unclear to moving party whether the plaintiff's papers should be construed as a notice of removal of her state-court debt collection action or a new complaint for damages. See, Prayer for Relief, pp. 8-9 of moving papers.

Joinder by Atty General Brown in Motion to Remand/Motion to Dismiss; Points & Authorities
*Jones v. Kelkris Associates, et al.*            Case No. C-07-04421 JW

3

*of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). Further, the doctrine of *respondeat superior* is inapplicable. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691-694 (1978). Civil conspiracy is not its own cause of action, and general accusations of conspiracy will not withstand a motion to dismiss. *Furomoto v. Lyman,* 362 F.Supp. 1267 (N.D. Cal. 1973). In the instant case, there can be no liability as to Attorney General Brown because he did not play a personal role in the alleged debt collection case in state court, nor is he alleged to have done so. None of the alleged facts indicate he, the elected Attorney General of the State of California, had direct or personal participation in the debt collection matters alleged by plaintiff. Vague allegations of conspiracy do not establish personal involvement in the incident. *Hanson v. Black,* 885 F.2d 642, 646 (9th Cir. 1989) (vague allegation of a conspiracy between a police chief and subordinate officers insufficient to establish personal involvement).

There is no liability under 42 U.S.C. § 1983 on officials for actions of subordinate officers by reason of vicarious liability. *Hansen v. Black,* 885 F.2d 642, 645-46 (9th Cir. 1989). Under 42 U.S.C. § 1983, liability attaches to supervisory officials only when they personally participate in the constitutional violations. The Ninth Circuit applies this principle to high state officials. For example, in *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), the court exempted Nevada's Attorney General from liability because he did not participate in alleged misconduct. Recently, the court affirmed the dismissal of claims against Washington's Governor, Attorney General, and other high ranking state officials because the plaintiff did not sufficiently allege personal involvement of the state officials. *Safouane v. Fleck,* No. 05-35394, 2007 U.S. App. LEXIS 8042, at *14-15 (9th Cir. March 30, 2007).

## CONCLUSION

For the reasons set out above, this matter should be remanded or dismissed.

Dated: September 14, 2007

|   |   |
|---|---|
| 1 |   |
| 2 | EDMUND G. BROWN JR.<br>Attorney General of the State of California |
| 3 | PAUL T. HAMMERNESS<br>Supervising Deputy Attorney General |
| 4 |   |
| 5 | TROY B. OVERTON<br>Deputy Attorney General |
| 6 | *[signature]* |
| 7 | TOM BLAKE<br>Deputy Attorney General |
| 8 |   |
| 9 | Attorneys for Defendant the Honorable William C. Harrison, Judge of the Superior Court and the Honorable Edmund G. Brown Jr., Attorney General of the State of California |
| 10 |   |

Joinder by Atty General Brown in Motion to Remand/Motion to Dismiss; Points & Authorities
*Jones v. Kelkris Associates, et al.*                                                     Case No. C-07-04421 JW

5