**HEFNER, STARK & MAROIS, LLP**
Ronald H. Sargis (CA Bar Assn. No. 105173)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: rsargis@hsmlaw.com

Special District Court Counsel for,
KELKRIS ASSOCIATES, INC.,
DBA CREDIT BUREAU ASSOCIATES, et al.
See signature page for list
of parties represented (Civil L.R. 3-4(a))

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ALBERTA ROSE JONES<br><br>Plaintiff,<br><br>v.<br><br>KELKRIS ASSOCIATES, INC. DBA CREDIT BUREAU ASSOCIATES, KATHRYN A. PARSON, TERRY A. DUREE, LINDA G. ASHCRAFT, MICHAEL MATTHEWS, MOES PROCESS SERVING, AVA E. WILLIAMS, WENDY A. GETTY, PATRICIA COLEMAN, JOAN CRAWFORD, KARL PHILLIPS, WILLIAM C. HARRISON, EDMUND G. BROWN JR., BARBARA BOXER, UNITED STATES OF AMERICA AND DOES 1-100.<br><br>Defendants.<br><br>**(As incorrectly captioned on the Notice of Removal by State Court Defendant Alberta Rose Jones' Notice of Removal)** | Case No.   C-07-04421-JW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SOLANO, AS CASE NO. FCM093334; OR, IN THE ALTERNATIVE, TO DISMISS**<br><br>Date:      October 29, 2007<br>Time:     9:00 a.m.<br>Place:    Federal Building<br>            280 South First Street<br>            San Jose, CA<br>            Ctrm. 8, 4th Flr.<br>            Hon. James Ware |

KELKRIS ASSOCIATES, INC., d.b.a. CREDIT BUREAU ASSOCIATES ("KelKris"), the actual plaintiff in the state court action that is the subject of the August 27, 2007 Notice of Removal, and other persons not parties to the removed State Court Action, incorrectly listed as defendants in the Notice of Removal, consisting of KATHRYN A. PARSONS, President of KelKris, TERRY A. DUREE and

1

Memorandum of P's&A's in Support of Mtn for Remand                                Case No. C07-04421-JW
KelKris Associates, Inc. v. Alberta Rose Jones, et al.           K:\Kel Kris Associates Inc\v Alberta Rose Jones (7306-0001)\pldg mtn for remand mem psas (final).wpd

BRET YAPPLE (collectively "Movants"), who make a special appearance in this case as set forth below, submit the following Memorandum of Points and Authorities in Support of their Motion to Remand to the Superior Court of the State of California, County of Solano, as Case No. FCM093334; or, in the Alternative, to Dismiss as follows:

## I.

## STATEMENT OF ISSUES

1. Removal to the United States District Court by ALBERTA ROSE JONES ("Jones"), in pro per, on behalf of herself and her husband Donald D. Jones, of the state law collection case <u>KelKris Associates, Inc. DBA Credit Bureau Associates v. Alberta Rose Jones, Donald D. Jones</u>, Case No. FCM093334 (the "State Court Action"), from the Superior Court of the State of California, County of Solano, after entry of judgment, is substantively and procedurally defective, requiring remand to the State Court in which the judgment has been issued.

2. No subject matter jurisdiction exists for the removal of the state law collection case for which judgment has been entered in the State Court Action, and this case should properly be remanded to the state court.

3. Assuming, arguendo, that this court interprets Jones' Notice of Removal of Superior Court of California Case No. FCM093334 ("Notice of Removal") as an original action in the United States District Court, the "action" should be dismissed for failure to state a claim upon which relief can be granted, or as required by the doctrine of abstention enunciated by the United States Supreme Court in <u>Younger v. Harris</u> 401 U.S. 37 (1971).

## II.

## STATEMENT OF FACTS

ALBERTA ROSE JONES ("Jones") and her husband Donald D. Jones are defendants in the state law debt collection action filed March 15, 2006, in the Superior Court of the State of California, County of Solano. After the entry of judgment in the State Court Action, Jones filed the Notice of Removal. Notwithstanding the fact that she was removing the State Court Action which is captioned <u>KelKris Associates, Inc. DBA Credit Bureau Associates v. Alberta Rose Jones, Donald D. Jones</u>, Case No.

2

Memorandum of P's&A's in Support of Mtn for Remand
KelKris Associates, Inc. v. Alberta Rose Jones, et al.

Case No. C07-04421-JW

K:\Kel Kris Associates Inc\v Alberta Rose Jones (7306-0001)\pldg mtn for remand mem psas (final).wpd

HEFNER, STARK & MAROIS, LLP
Sacramento, California

FCM093334, Jones altered the caption to list to name "defendants" and to indicate that Alberta Rose Jones is the plaintiff in the State Court Action. (Notice of Removal, page 1). True and correct copies of the summons and complaint in the State Court Action are collectively attached as Exhibit "A" to the Declaration of Terry A. Duree filed and served herewith.[1] Proofs of service demonstrating that Jones and Donald D. Jones were served with these documents are collectively attached as Exhibit "B" to the Declaration of Terry A. Duree filed and served herewith. KelKris is a collection agency which was assigned a non-consumer obligation from the County of Solano and ultimately filed the State Court Action when other collection attempts had been unsuccessful.

Neither Jones, nor her husband Donald D. Jones, as defendants in the State Court Action, answered the complaint. On June 15, 2006, the Clerk of the Superior Court of California, County of Solano, entered the default of Jones and Donald D. Jones. A true and correct copy of the Request for Default in the State Court Action is attached as Exhibit "C" to the Declaration of Terry A. Duree filed and served herewith. A proof of service, signed under penalty of perjury, indicating that the Request for Default was mailed to Jones and Donald D. Jones on May 25, 2006, at the same address as appears on the Notice of Removal, appears on the Request for Entry of Default. On June 15, 2006, a default Judgment was entered by the Clerk of the Superior Court of the State of California, County of Solano, entered against Jones and Donald D. Jones. A true and correct copy of the Judgment in the State Court Action is attached as Exhibit "D" to the Declaration of Terry A. Duree filed and served herewith. Abstracts of Judgment were subsequently filed in Santa Clara, Monterey, and Solano Counties, true and correct copies of which are collectively attached as Exhibit "E" to the Declaration of Terry A. Duree, filed and served herewith.

On July 12, 2007, a Civil Subpoena and an Application and Order for Appearance and Examination (Attachment-Enforcement of Judgment) of Jones, was filed with the Clerk of the Superior Court of the State of California, County of Solano in connection with enforcement of the Judgment

---

[1] Though the Notice of Removal purports to have been filed by Jones and her husband, there is nothing in the pleadings to indicate that Jones is an attorney licensed to practice law in the State of California or otherwise authorized to represent any other person in any court action.

3

Memorandum of P's&A's in Support of Mtn for Remand
KelKris Associates, Inc. v. Alberta Rose Jones, et al.
Case No. C07-04421-JW
K:\Kel Kris Associates Inc\v Alberta Rose Jones (7306-0001)\pldg mtn for remand mem psas (final).wpd

obtained by KelKris in the State Court Action. A true and correct copy of the Application is attached as Exhibit "F" to the Declaration of Terry A. Duree filed and served herewith. A proof of service, signed under penalty of perjury, indicating that the Application and Order for Appearance and Examination was personally served on Jones on July 30, 2007, appears on Application and Order for Appearance and Examination.

By this defective and improper Notice of Removal, Jones has attempted to circumvent the consequences of her and Donald D. Jones' failure to defend the State Court Action in the Superior Court of California or to utilize the procedures under California State Law to have a judgment vacated if the entry of such judgment by the State court was improper. The Notice of Removal appears to assert a number of allegations concerning the conduct of KelKris, and other persons who are not parties to the State Court Action which are identified as "defendants" in Jones incorrect caption on the Notice of Removal, on behalf of herself (in pro per) and Donald D. Jones (who has not signed the Notice of Removal). (Notice of Removal, pages 1, 9) Jones' allegations include violations of her civil rights, denial of due process, and infractions under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), California tort laws and "debt collection practices act," but contain no statements that she has sought any relief pursuant to the applicable State Law. (Notice of Removal, pages 3-9).

### III.

### ARGUMENT

**A.  THE NOTICE OF REMOVAL AS TO KATHRYN A. PARSONS, TERRY A. DUREE AND BRET YAPPLE IS DEFECTIVE, AS THEY ARE NOT PARTIES IN THE STATE COURT ACTION.**

Kathryn A. Parsons, Terry A. Duree and Bret Yapple are not parties to the State Court Action. The only parties are KelKris (the plaintiff/judgment creditor), and Jones and Donald D. Jones (the defendants and judgment debtors). Jones cannot initiate a proceeding in this Court, whether by Removal or an original proceeding against Kathryn A. Parsons, Terry A. Duree and Bret Yapple by way of the Notice of Removal. To commence a proceeding in this Court, Jones would file a complaint, Rule 3, Fed.R.Civ.Proc., and then personally serve the complaint on each of the named defendants. Having never been a party to or appeared in the State Court Action, Jones cannot merely attempt to deliver a copy of the Notice of Removal to the front desk at the KelKris office or file a notice of removal in the

4

Memorandum of P's&A's in Support of Mtn for Remand                                Case No. C07-04421-JW
KelKris Associates, Inc. v. Alberta Rose Jones, et al.           K:\Kel Kris Associates Inc\v Alberta Rose Jones (7306-0001)\pldg mtn for remand mem psas (final).wpd

State Court Action and make non-parties part of the removed state court lawsuit. Because Jones cannot unilaterally add parties to the State Court Action as part of the Notice of Removal, each of these three Movants should be summarily dismissed from any proceedings in this case as removed by Jones.

Kathryn A. Parsons, Terry A. Duree and Bret Yapple, and each of them, appear specially in this Court to assert that they are not parties to the State Court Action and do not waive the requirement and obligations placed on Jones for this Court to have in personam jurisdiction over each of these three Movants.

### B. THE STATE COURT ACTION SHOULD BE REMANDED TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA DUE TO SUBSTANTIVE AND PROCEDURAL DEFECTS IN DEFENDANT JONES' NOTICE OF REMOVAL.

The procedure that Jones must comply with to remove the State Court Action to this Federal court is provided for in 28 U.S.C. §1446(a),

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to *Rule 11 of the Federal Rules of Civil Procedure* and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

The "Notice of Removal" filed by Jones does not contain a "short and plain statement of the grounds for removal," but a long discussion of statements and allegations not relating to the complaint in the State Court Action or the basis for removing the State Court Action to this Court.

Though Jones has filed a document entitled "Notice of Removal" for herself in pro per and purportedly for Donald D. Jones, her husband, this court should properly remand the State Court Action to the Superior Court of the State of California because of Jones' failure to comply with the requirements of 28 U.S.C. § 1446(b), which requires that a notice of removal be filed "[w]ithin 30 after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . . ." As stated in Exhibits "D" and "B," Jones was personally served in the State Court Action prior to June 15, 2006, yet failed to file her Notice of Removal until August 27, 2007. More than 30 days have expired from the date of service date to the August 27, 2007 date when the Notice of Removal was filed in this Court, which is well in excess of the

5

Memorandum of P's&A's in Support of Mtn for Remand
KelKris Associates, Inc. v. Alberta Rose Jones, et al.

Case No. C07-04421-JW
K:\Kel Kris Associates Inc\v Alberta Rose Jones (7306-0001)\pldg mtn for remand mem psas (final).wpd

mandatory time period prescribed by 28 U.S.C. § 1446(b). In addition to the service of the complaint filed in the State Court Action, notice of the application for entry of default and notice of entry of the judgment were sent to Jones at 1144 Tangerine Way, Sunnyvale, CA, 94087, the same address as she lists on her Notice of Removal. No right to remove a case to a Federal Court exists for Jones with respect to the State Court Action.

### C. THIS ACTION SHOULD BE REMANDED TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ACTION.

Assuming, arguendo, this Court considers the State Court Action timely removed and properly before it, this Court should remand the State Court Action to the Superior Court of the State of California, County of Solano, as Case No. FCM093334, pursuant to 28 U.S.C. § 1447(c) because this court lacks subject matter jurisdiction over the case. A United States District Court must remand a removed action "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). No federal subject matter jurisdiction exists for the removed case because the State Court Action did not raise any Federal questions (state law collection suit) and there is no "diversity jurisdiction" pursuant to 28 U.S.C. § 1332 because Jones is a resident of the State of California (Notice of Removal, page 2).

28 U.S.C. § 1331 provides that: "The district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441(b),

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

As can be seen from the face of the State Court Complaint, the State Court Action is a simple state law contract action, governed entirely by the law of contracts in the State of California. No part of the action arose under the Constitution, laws, or treaties of the United States. While Jones, in her Notice of Removal, wants to raise new and different issues which she may believe could exist under Federal law, these simply were not at issue in the State Court Action and cannot form the basis of this Court's subject matter jurisdiction.

6

The United States Supreme Court has spoken definitively on this issue, holding,

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams 482 U.S. 386, 392 (1987).

Simply put, Jones, despite incorrectly re-captioning her Notice of Removal to make it appear that Jones and her husband (who has not signed the Notice of Removal) are the plaintiffs, the State Court Action was filed by KelKris as the plaintiff to enforce a state law debt owed by the defendants. Whether the State Court Action has been properly removed is not determined by how Jones wants to state her belief of the issues, but the court is to review the state court complaint itself to see what the real causes of action are in the case. Jones is not granted the authority to restructure the State Court Action to her suiting. As the Court can clearly see, the State Court Action contains no federal question of law and is based only on California State law. The only plaintiff in the State Court Action is KelKris, and it is the state court well-pleaded complaint which controls whether jurisdiction properly exists for removal of the State Court Action to this Court. Based on a review of the well-pleaded complaint in the State Court Action, it is plainly clear that no subject matter jurisdiction exists for removal of the State Court Action, and the Movants respectfully request that the action be remanded accordingly.

### D. IN THE ALTERNATIVE, THIS ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Though no basis exists for construing the Notice of Removal as an original action in this Court, assuming, arguendo, that such a determination is being considered by this Court, Movants are entitled to have such an action dismissed. Jones has not filed with the Court or served a complaint on the Movants.[2] As such, Movants have no ability to assess Jones' claims or to answer or otherwise respond

---

[2] As this Court should be aware, Jones has filed or been involved in a number of actions in this District Court, with some being original actions: Jones v. Marinello, et al. (05-00452-MJJ); Jones v. United Service Automobile Association (05-00544-MMC); Jones v. Fogel, et al. (05-00545-MMC); Jones v. Koda, et al. (03-02703-RMW); Jones v. Fields, et al. (03-

7

HEFNER, STARK & MAROIS, LLP
Sacramento, California

1  to them appropriately.

2  Jones' allegations in her Notice of Removal fail to assert any claims against any of the Movants. However, should this court want to consider Jones' Notice of Removal that she executed for herself and her husband, Movants are entitled to have any such claims dismissed in their entirety pursuant to pursuant to Rule 12(b)(6), Fed.R.Civ.Proc., for failure to state a claim upon which relief can be granted. While Jones makes numerous statements in her Notice of Removal concerning the alleged conduct of Movants in relation to her civil rights, rights to due process, and under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), none state claims against of the Movants.

Jones' bare assertions that she should have claims do not constitute a well pled complaint. A Notice of Removal does not comply with the requirements of Rules 7, 9, and 12, Fed.R.Civ.Pro. Her contentions in this Court regarding service of process are in direct conflict with the determination made by the State Court in granting judgment against Jones and Donald D. Jones. In seeking to discuss this issue in her Notice of Removal, she is attempting to collaterally attack a final judgment in state court. Attempting to challenge the propriety of the State Court judgment, without seeking relief in the state courts themselves constitutes a violation of the Rooker-Feldman Doctrine, as refined by the United States Supreme Court in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 161 L. Ed. 2d 454, 125 S. Ct. 1517, 1521-22 (2005). Jones' proper course would be to seek to have the existing State Court judgment vacated, not come to this Court to argue that it is incorrect.

The simple state law cause of action to collect a debt is not the basis for stating a claim upon which relief can be granted due to a denial of Jones' rights under the laws of the United States or the State of California, nor do they reveal a claim upon which relief can be granted due to any alleged denial of Jones' due process or equal protection under the law.

---

02790-JF); Jones v. Marinello, et al. (05-00426-JF); Jones v. United States Navy (05-80304-JF); Jones v. United States District Court (05-80305-JF); Jones v. United States of America (07-0026-JW), and other attempted removals of state law matters filed against her in state court: Jones v. Coleman, et al. (04-02951-JW); Jones v. Sears Roebuck Inc., et al. (04-03336-RMW); Jones v. The People of the State of California (05-01136-JF); Jones v. Scharf, et al. (05-04481-RMW). As the Court can determine from a review of its own files, in each of Jones prior attempts to improperly remove a state court suit based on state law, those matters have been remanded to the state court.

8

Memorandum of P's&A's in Support of Mtn for Remand                    Case No. C07-04421-JW
KelKris Associates, Inc. v. Alberta Rose Jones, et al.         K:\Kel Kris Associates Inc\v Alberta Rose Jones (7306-0001)\pldg mtn for remand mem psas (final).wpd

HEFNER, STARK & MAROIS, LLP
Sacramento, California

Jones' assertions that no contract existed and that Movants violated the Fair Debt Collection Practices Act similarly do not state a complaint upon which relief can be granted. Whether such a contract or other obligation exists under state law is a question of California law to be addressed in the State Court Action. The rights afforded under the Fair Debt Collection Practices Act ("FDCPA") apply to debts of consumers as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1692a(5). See Turner v. Cook, 362 F.3d 1219, 1227 (9th Cir. 2004); Bloom v. I.C. System, Inc., 972 F.2d 1067, 1068 (9th Cir. 1992). A debt, for purposes of the FDCPA, is limited to an obligation owed by a consumer, which is an individual debtor which is for "...money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes" of the debtor. 15 U.S.C. § 1692a(5). Nowhere in the Notice of Removal does Jones ever contend that the obligation upon which the State Court Action is based on an obligation primarily for her personal, family, or household purposes.

### E. IN THE ALTERNATIVE, THIS ACTION SHOULD BE DISMISSED UNDER THE DOCTRINE OF ABSTENTION.

Notwithstanding the above, should this Court determine to further consider whether the Notice of Removal commenced an original action in this court, the action should be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971), and H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). The Younger doctrine states that abstention is necessary "...if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." Jones and her husband, Donald D. Jones, may seek to vacate the Judgment in the State Court Action if they so choose. Jones has chosen, for whatever reason, not to properly assert her interests in the State Court Action. Instead Jones, on behalf of herself and her husband, has chosen to circumvent the proper judicial process in the State of California and seek to have this court vacate the Judgment in the State Court Action. To the extent that Jones believes she was denied due process, she has chosen to fail to avail herself of the due process which exists for her in the State Court Action. Her intentional failure to assert her remedies or defenses in the State Court Action is obvious from their absence on the face of the Notice of Removal. Therefore, the State Court Action does implicate state interests. Finally, there are no Federal claims at issue in the State Court Action, therefore, and there is nothing shown in

9

Memorandum of P's&A's in Support of Mtn for Remand
KelKris Associates, Inc. v. Alberta Rose Jones, et al.

Case No. C07-04421-JW
K:\Kel Kris Associates Inc\v Alberta Rose Jones (7306-0001)\pldg mtn for remand mem psas (final).wpd

the Notice of Removal which should properly be before this Court.

F. **FEES AND COSTS ASSOCIATED WITH THIS MOTION SHOULD BE AWARDED TO MOVANTS.**

Movants, collectively, has incurred substantial attorneys fees and costs associated with seeking to remand the State Court Action to the Superior Court of the State of California, despite the facts that the Notice of Remand plainly did not demonstrate any subject matter jurisdiction on the part of this Court, and, similarly, could not serve as a complaint in an original action in this Court. 28 U.S.C. § 1447(c) reads: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Movants respectfully request that the Court exercise its discretion and award Movants just costs and any actual expenses, including attorneys fees, incurred in connection with the Notice of Removal.

## IV.

## CONCLUSION

For the foregoing reasons, KelKris, Kathryn A. Parsons, Terry A. Duree and Bret Yapple (collectively "Movants") respectfully request that this action be remanded to the Superior Court of the State of California, County of Solano, as Case No. FCM093334. In the alternative, Movants request that the action be dismissed. Movants further request that payment by Jones of just costs and actual expenses incurred in connection with the Notice of Removal be required.

///

Dated: 9/7/07

HEFNER, STARK & MAROIS, LLP

By _____
Ronald H. Sargis
Attorneys for Kelkris Associates, Inc.,
d.b.a. Credit Bureau Associates,
Kathryn A. Parsons, Terry A. Duree and Bret Yapple

10

Memorandum of P's&A's in Support of Mtn for Remand
KelKris Associates, Inc. v. Alberta Rose Jones, et al.

Case No. C07-04421-JW

K:\Kel Kris Associates Inc\v Alberta Rose Jones (7306-0001)\pldg mtn for remand mem psas (final).wpd