Alberta Rose Jones ,Donald D. Jones
1144 Tangerine Way
Sunnyvale, Ca 94087
408-449-3041

FILED

2007 OCT -1  P 4: 16

RICHARD W. WIEKING
CLERK
U.S. DIST. OF CA. S.J.

ORIGINAL

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| Alberta Rose Jones, Donald D. Jones<br><br>Plaintiff,<br><br>v.<br><br>Kelkris Associates Inc. DBA Credit Bureau Associates, Kathryn A. Parson, Terry A. Duree, Brett Yaple, Linda G. Ashcraft, Michael Matthews, Moes Process Serving, Ava E. Williams,  Wendy A. Getty, Patricia Coleman, Joan Crawford,  Karl Phillips, William C. Harrison, State of California, United States of America and Does 1-100.<br><br>Defendants. | ) CASE NO.c-07-04421<br>)<br>)<br>) NOTICE OF SECOND REMOVAL<br>)<br>) **AND CLASS ACTION**<br>)<br>)<br>)<br>)<br>)<br>) DEMAND FOR JURY TRIAL FRCP 38<br>) (b)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>NOTICE OF SECOND  REMOVAL OF SUPERIOR COURT OF CALIFORNIA</u>

## <u>CASE NO. FCM093334</u>

Alberta Rose Jones and Donald D. Jones hereby remove Case No. FCM093334 for the second time from the Superior Court of California for the County of Solano based on the **Supremacy Clause** of the United States which allows **preemption** and case law i.e. Sally Thrasher, Plaintiff v. Cardholder Services, Direct Merchants Bank, ABC, and Defendants, **74 F. Supp. 2d 691**.   The Supremacy Clause allows preemption of this case to US District Court for the Northern District of California.  In the case of Thrasher v. Merchant Bank, the case was removed from a state court to federal court on the basis of that **federal question jurisdiction exists** because state law claims were in fact **thinly veiled federal claims under the Fair Debt Collection Practices Act,15  U.S.C. 1692.**

The Jones' are now arguing that case law supports this removal and federal laws support this removal as follows under 28 U.S.C. 1331- The Jones assert that the Court has federal question jurisdiction because, although the complaint does not contain a federal question on its face, for all practical purposes, they have alleged a cause of action governed by federal law i.e. 15 U.S.C. 1692 the Fair Debt Collection Practices Act (FDCPA).

The Jones' have been arguing that they have a viable cause of action for preemption for violation of their rights under the fair debt collection practices act intentional or negligent infliction of emotional distress. The debt collectors in this case (i.e. Kelkris Associates, Terry Duree and Brett Yaple) violated not only state laws but also the FDCPA in the collection of this debt. These debt collectors illegally brought Don Jones into court stating he could simply be sued because he is the husband of Alberta Jones which violates FDCPA, they failed to provide copies of demand letters they were suppose to write to the Jones prior to suing them in court; failed to show proof of a letter of assignment between Solano County and Kelkris Assoc. Inc; failed to sue in the proper venue as required by FDCPA- there was **no signed contract** in this case and without a written contract signed by the Jones between the County of Solano and the Jones they could not be brought to court in Solano County (FDCPA is very specific about this) the Jones' could only be sued where they live which is Santa Clara County; FDCPA states that a debtor cannot be sued for money received on a debt that is for personal use i.e. to live off of – the money in question was not for services as the debt collectors alleged in court documents; FDCPA is very specific regarding third parties in a lawsuit i.e. third parties such as Kelkris Associates Inc. must show proof of assignment.  Kelkris Associates refused to provide the Jones' proof of assignment of the debt when requested.  California State law is also specific regarding the matter. Per **California Code of Civil Procedure  3448-3473.  There must be a notice of assignment attached to the state court case. There was no notice of written assignment of any sort attached to the lower court case.   The Jones has attached to this notice of removal a copy of the Fair Debt Collection Practices Act and 6500-FDIC-regarding Consumer Protection.**  The Jones are claiming that **every act of the FDCPA** as so contained and mention under consumer protections has been violated by these creditors. **Not one, not two but every single act of the FDCPA  has been so violated by creditors.**

## JURISDICTION OF THE DISTRICT COURT

It is well established that a case may be removed to federal court when it is based on a question of federal law or laws. It is also well established that a person who believes his or her rights are being violated in direct conflict with the Constitution of the United States of America may bring an action in any United States District Court to rectify a wrong.

Jurisdiction and pendent jurisdiction of the United States District Court of the Northern District of California are based upon 28 United States Code (U.S.C.) 1441 and 1443, and 1331.

Jurisdiction and pendent jurisdiction of this court are based upon all articles and amendments to the United States Constitution including but not limited to Amendments Five, Nine, Fourteen as well as the Civil Rights Act, 42 U.S.C. 1983 et. seq, 1981, 1985, and 1988; the Judicial Code, 28 U.S.C. 1331 & 1343, 28 U.S.C. 1367, Sections 1441 and 1443 of 28 U.S.C., and all forms of harassment, conspiracy to harass, California Tort and Injury Laws.

Jurisdiction and pendent jurisdiction of this Court is based upon the Civil Rights Acts. 42 U.S.C. 1983 et seq. and 1988, the Judicial Code, 28 U.S.C. 1331 and 1343, 28 U.S.C. 1367, the Jurisdiction and Removal Act of 1875, Article III of the Constitution of the United States (allows all district courts to hear "cases and controversies), Separate and Independent Claims or Causes of Actions Sections 1441(c) and 1331, Fair Debt Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA)(15 U.S.C. 1692), the Supremacy Clause of the United States Constitution which entitles preemption, Administrative Procedure Act, 5 USCS 701-706, and California Tort laws covering any and all forms of harassment, conspiracy to harass. Under parallel federal constitutional jurisdiction established by the U.S. Supreme Court in Bivens v. Six Unknown Named Agents, 403 U.S. 388(1971).

### I.    PARTIES

1. **Plaintiffs**. Alberta Rose Jones and Donald D. Jones are U.S. Citizens who at all relevant times where residents of the Northern District of California County of Santa Clara.

2. **Defendants**. The named individual defendants herein are sued individually and in their official capacities as judges, clerks of the court, attorney general for the State of California, federal officers for the United States of America. Kelkris Associates Inc. DBA Credit Bureau Associates, Kathryn A. Parson, Terry A. Duree, **Brett Yaple** ( NOT BRET YAPPLE ),  Linda G. Ashcraft, Michael Matthews, Moes Process Serving, Ava E. Williams,  Wendy A. Getty, Patricia Coleman, Joan Crawford,  Karl Phillips, William C. Harrison, are all sued in their  in their individual capacities and official capacities.

*No Notes*

## II.    STATEMENT OF FACTS

1. Alberta Rose Jones and Donald D. Jones were sued by Kelkris Associates doing business as Credit Bureau Associates in the Superior Court of California Court Case Number FCM093334 on March 15 2006.

2. The persons who made the decision to sue Donald D. Jones and Alberta Rose Jones were Terry A. Duree and Kathryn A. Parson. Terry A. Duree is a licensed practicing attorney in the State of California his license number is 61008. Kathryn A. Parson is the president of Kelkris Associates doing business as Credit Bureau Associates.

3. On July 28 2007, Alberta Rose Jones was served with notice to appear papers by Kelkris. This was first knowledge Alberta Jones had of a pending lawsuit.

4. On July 30, 2007, Alberta Rose Jones received a complete copy of the court case file and the Kelkris Credit file regarding this debt. _On Aug 27 2007, the case was removed to Federal court._

5. The Kelkris file has no demand letter as required by law. The file does contain two cashed warrants not checks to Alberta Rose Jones from the Treasurer of County of Solano and a three-page investigation. Terry A. Duree and Kathryn A. Parsons have stated verbally and in writing that this information is considered a contract.

6. Terry A. Duree and Kathryn A. Parsons are in the business of collecting debts. Federals laws have now changed and both Duree and Parsons are liable for any wrongdoing when collecting a debt under both California state law and federal laws.

7. Alberta Rose Jones immediately contacted both Duree and Parsons when she became aware of the debt.

8. Alberta Rose Jones demanded a copy of the demand letter that would have been required by federal law to be sent to her and her husband Donald Jones in order to establish this debt and for the Jones' to dispute the debt. **There is no proof of a demand letter and it does not exist in their credit files.** _Duree, Yaple, Kelkris refused to provide._

9. Before a creditor can sue a debtor, they must first make a demand for the debt. Duree and Parson's began this case as a conspiracy to harass and to obtain a debt under illegal pretenses.

10. **The creditors in the case must also prove they own the debt.** The credit file does not indicate that the creditors own the debt. Attached to the removal is an example of what California State law requires a creditor to establish that they legally own a debt and that they have a right to sue. This does not exist in the Jones' file.

11. Under California State Law, a creditor cannot sue a debtor but mere inference of ownership. They must inform the court thru legal papers that they are the owner of the debt. Kelkris does not own this debt they are trying to collect a debt in behalf of a creditor.

12. **Under federal laws i.e**. debt collection practices act, a creditor can only sue or collect upon certain kinds of debts. This debt is not one of them and in fact is prohibited from being sued upon. There is no contract between Alberta Rose Jones and Solano County. Alberta Rose Jones . A check is not a contract. There is nothing attached to this warrant. In fact, this warrant was between Patricia Coleman and the County of Solano. In order for this warrant to be issued, Patricia Coleman had to sign legal documents with the County regarding being homeless. A homeless person in this case would have been a person in a shelter. Ms. Coleman was in no shelter during her dealings with Alberta Rose Jones. The county never had any personal dealings with either Alberta Rose Jones or Donald D. Jones. Alberta Rose Jones signed no contract with Solano County. Ms. Coleman did though. Federal laws also apply to this case because the funds received by Solano County under the homeless program came from the Federal Government so federal laws attach to this case. *Related Case No # CV04-02951 applies.*

13. **Alberta Rose Jones was never served with the original lawsuit by Moes Process Service or Michael Matthews**. Alberta Rose Jones does not have blue eyes. Alberta Rose Jones has never had blonde hair. Alberta Rose Jones has never been 5'7". Alberta Rose Jones suffers from a degenerative bone decease and is getting shorter she is now 5foot 5 inches not 5foot six inches and never wears high heels especially when in her own home. Michael Matthews stated he stop at the Jones' home several times before finding someone at home and that this morning he talked to not only Alberta Jones but a resident of home he failed to identify whom that individual was. At no point in time did he meet Alberta Jones who is not 5foot 7 inches and has never had blue eyes or blond hair. Alberta Jones does not wear contacts or shoes with high heels.

14. **Alberta Rose Jones and Donald D. Jones were never served with a lawsuit by Kelkris**. Alberta Rose Jones never had a contract with Solano County. Alberta Rose Jones and Donald D. Jones never received letters from Kelkris as debt collectors requesting that they pay a debt. No letter exists in their files. If it does now exist, it was placed there after Alberta Rose Jones complained that it did not exist. As of this date, no

proof of demand regarding this debt has been forward to Alberta Rose Jones by Kathryn Parsons, Terry Duree or Kelkris Associates doing business as Credit Bureau Associates. Until a demand letter has been sent to the debtors, Kelkris cannot sue Donald D. Jones or Alberta Rose Jones.

15. Kelkris Associates refused to provide proof that they own this debt as required by law. Alberta Rose Jones demanded proof of the debt being legally transferred to Kelkris. No proof came about. *See a Hache declaration Patricia G. Hamar. Already filed with court.*

16. **California law requires that a debt collector prove assignment of cause of action when filing their lawsuit against a debtor. This case would have had to be filed as the following: there must have been an alleged notice of assignment in writing in this lawsuit. This case would have fallen under <u>California Code of Civil Procedure 3448-3473. There was no notice of written assignment.</u>**

17. This case was filed by Duree, Parsons and Kelkris as a contract. In their lawsuit, they state that CAUSE of ACTION common counts i.e. this was an open book account not only between Alberta Rose Jones but Donald D. Jones. Donald D. Jones is mentioned nowhere on the warrant. Alberta Rose Jones has obtained a copy of the account there is no proof of an open book account. There was no account stated to in writing between the Jones and Kelkris. No proof has come forward. Kelkris has not proven that the money was for the benefit of them or Solano County. The money was not for goods services, wares, or merchandise. Proof of this is by way of the investigation performed by the County of Solano attached. There is also no proof that the money was lent to Alberta Rose Jones at her request as so alluded to in the complaint by Duree. Alberta Rose Jones never went to the county to request funds. Patricia Coleman did under laws put in place by the federal government to help the homeless in shelters. Coleman was never in a shelter when she met Alberta Rose Jones. *Federal related case No CU04-2951 JW.*

18. By federal law and state law, if the money is to be used by the debtor for living expenses and to stay alive, the creditor cannot sue the debtor for these moneys. Please refer back to the investigation performed by the County of Solano. The investigation performed never mentions a contract nor does it ever allude to a contract.

19. A check is considered a negotiable instrument not a contract. There is no contract attached to this warrant nor has there been any reference to a contract.

20. The case in Solano county is not only void but is considered fraud upon the court by Duree, Parsons, and Kelkris as well as the officers of the court involved in this case. Alberta Rose Jones and Donald D. Jones have not been properly notified of any of the proceedings in this case. The judge in this case had no jurisdiction over this case from the beginning. Duree filed this case under false pretenses and new it to be so.

21. The following individuals have all been co-conspirators in this case: i.e. Kelkris Associates Inc. DBA Credit Bureau Associates, Kathryn A. Parson, Terry A. Duree, Linda G. Ashcraft, Michael Matthews, Moes Process Serving, Ava E. Williams, Wendy A. Getty, Patricia Coleman, Joan Crawford, Karl Phillip, United States of America and Does 1-100 and Bail Yaode.

22. This case simply came about to harass Donald D. Jones and Alberta Rose Jones. Kelkris and Duree are debt collectors and knew right from wrong when filing this lawsuit. They have repeatedly violated federal debt collection practices i.e. not demand letter, no contract, suing don jones as Alberta Rose Jones husband when he had no contract with the parties in this case and had no contract with the county. No proof of assignment of the debt.

23. Michael Matthews knew he had served Alberta Rose Jones. He made no effort to serve Donald D. Jones by his own written statement in his proof of service. **He stated that he was looking for a suspect not suspects. SUMMONS DOES NOT STATE HE FOUND ALBERTA JONES JUST THAT HE SERVED A WOMAN WHO HAD CERTAIN FEATURES NONE OF WHICH ALBERTA JONES HAS. SEE ATTACHED SERVICE SIGNED BY MATTHEWS, WHICH IS HIGHLIGHTED.**

24. Wendy A. Getty, attorney for the County of Solano, knew the facts in this case and proceeded to harass Alberta Rose Jones out of hate. Her license should be suspended.

25. Ava E. Williams who worked with Patricia Coleman to obtain illegally funds when she was not homeless or in a shelter was a co-conspirator and should be charged with a misdemeanor.

26. Joan Crawford is the owner of the home at 154 Leonard Street, Vallejo, California where Patricia Coleman as living and had been living for some time. She is also a co-conspirator.

27. Alberta Rose Jones believes unknown agents of the federal government are the conspirators who have continually made these events occur.

28. Edmund G. Brown Jr. was notified of the wrongdoing of Terry Durree and Kathryn Parson via the on-line complaint process to address these kinds of concerns complaints from debtors against creditors and refused to do anything as required by law. The State of California's debt collection laws are not protecting the people of the State of California from unfair debt collection practices. **This case should be a "CLASS ACTION."**

29. Linda G. Ashcraft and William G. Harrison are knowledgeable of California Laws pertaining to debt collection practices and knew or should have known that Kelkris Associates doing business as Credit Bureau Associates along with their attorney Terry Duree are filing lawsuits in which they have not been assigned. By simply putting in a statement of assignment does not show proof of assignment. Linda Ashcraft and William G. Harrison have a motive to harass Alberta Rose Jones because this case involves the county and the judges of the court and the clerk of the court were previously sued over this same matter so they have personal knowledge and a desire to harass the Jones.

30. Karl Phillips was the investigator on this case and failed to tell the complete truth during his investigation. He never tried to contact Alberta Rose Jones by phone. In addition, he stated that he had reviewed all of the facts in this case. At no time did he mention that Alberta Rose Jones complained to Eva Williams and Wendy A. Getty that Ms. Patricia Coleman was not homeless and she stated so several times to Alberta Rose Jones.

### III.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Plaintiffs by reference and as fully set forth herein, every allegation contained in all paragraphs written, exclusive, of Plaintiffs' complaint herein and at all times mentioned, defendants were acting under color of law of the State of California and as federal officers of the United States of America. In doing the things mentioned therein and alleged in numbers 1 through 30, defendants were and are guilty of a conspiracy to harass and to deny Donald D. Jones and Alberta Rose Jones their rights under the laws of the United States of America and California regarding illegal unfair debt collection practices and conspiracy to violate ones rights. Plaintiffs are therefore entitled to recover punitive damages in an amount to be determined at trial according to proof.

## SECOND CAUSE OF ACTION

Plaintiffs Alberta Rose Jones and Donald D. Jones were denied their rights to due process under the law. Every allegation so alleged i.e. 1 thru 30, written and inclusive as so mentioned, were in furtherance of a crime by said defendants each and everyone in furtherance of their scheme. Defendants each and every one violated Donald D. Jones and Alberta Rose Jones rights to equal protection under the law by bringing the lawsuit for a debt that never existed as a contract nor was it for the purpose of services i.e. labor, wears or merchandise in anyway shape or form. There was no money received from Kelkris or the County of Solano as an open book item. There is no contract between Donald D. Jones or Alberta Rose Jones with either Kelkris or the County of Solano. Plaintiffs are therefore entitled to recover punitive damages in an amount to be determined at trial according to proof.

## THIRD CAUSE OF ACTION

1. Section 1983 Fourth Amendment Plaintiffs v. All defendants.
2. 1983 First Amendment.. Plaintiffs' v. All Defendants.
3. 28 U.S.C. 1331, 1343, 28 U.S.C. 1367, Jurisdictional and Removal Act of 1875, Article of the Constitution of the United States which allows district courts to hear cases and controversies, separate and independent claims or causes of actions under 1441(c) and 1331, 28 U.S.C. – Plaintiffs v. All Defendants.
4. Fair Credit Reporting Act, Fair Debt Collections Practices Act (15 U.S.C. 1692) against Kelkris Associates doing business as Credit Bureau Associates, Terry Duree as the attorney of record, Kathryn Parsons as the president of Kelkris.
5. Unknown federal agents are being sued under the parallel jurisdiction established by the Supreme Court in Bivens v. Unknown Agents of the Federal Bureau of Investigation.
6. California tort laws and debt collections practices act as well as the assignment of debts acts laws both federally and state against all said defendants.
7. Federal laws pertaining the review of cases in federal court when it applies to the review of federal laws as it applies to state causes of action which conflict with U.S. Federal Laws and the constitutionality of these laws.
8. The Supremacy Clause of the United States Constitution that entitles preemption.

## VI.   **PRAYER FOR RELIEF**

WHEREFORE,  Plaintiffs Donald D. Jones and Alberta Rose Jones, pray and demand for the following relief:

1.  Dismissal of the State Court Case FCM09334, which was void from the beginning and based upon fraud.

2.  Removal of the State Court Case FCM09334 to allow for separate causes of action which Alberta Rose Jones and Donald D. Jones have suffered because of the illegally activities of said defendants.

3.  Judgment in the amount of $100,000 to compensate said Jones for their inability to complete matters regarding their credit files because of said defendants.

4.  Compensatory damages in the amount of $100,000 for violation of Alberta Rose Jones and Donald D. Jones constitutional rights including due process and a conspiracy to harass under the 4th, 5th, 9th Amendments to the United States, the Fair Debt Collection Practices Act(15 U.S.C. 1692), the Fair Debt Reporting Act,.and the Supremacy Clause of the United States Constitution which authorizes **preemption.**

5.  Plaintiffs Donald D. Jones and Alberta Rose Jones reserve the right to augment their prayer for these damages if defendants have been found to have helped violate their civil rights by not only harassing but also threatening to harass.

6.  Plaintiffs Donald D. Jones and Alberta Rose Jones pray in addition to punitive damages in proper amounts found by a jury against each individual found to have participated in these unlawful acts. Plaintiffs pray for damages against all conspirators and co-conspirators participating in any unlawful, unjust acts.

7.  Plaintiffs Alberta Rose Jones and Donald D. Jones demand trial by a jury  and asks for the Court for such other and further relief as my be just including but not limited to declaratory relief, as aforesaid.

Dated: September 29, 2007      Alberta Rose Jones  and      Donald D. Jones

*28 Pages Total*

*Twenty — Eight Pages*

*Note from Alberta Jones - I have made hand written notes on each page because this court is corrupt. Judge ware either does not know Federal Laws or he is lying. I am providing proof by way of Judicial Notice.*

SECOND NOTICE OF REMOVAL CASE NO. C-07-04421 JW DATED SEPTEMBER 29, 2007- 10 *of 10*

30/07  MON 11:08 FAX 17076445657     FedEx Kinko's Vallejo

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| TERRY A. DUREE ESQ., Bar #61008<br>TERRY A. DUREE, INC.<br>710 MISSOURI STREET<br>FAIRFIELD, CA 94533<br>Telephone No: 707-422-8933 | | | | SOLANO ~~FILED~~ COURT<br><br>08 APR 17 AM 9:22<br><br>~~~~ CT<br>BY _____<br>DEPUTY CLERK |
| | | Ref. No. or File No.: | | |

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:

SOLANO COUNTY SUPERIOR COURT

Plaintiff: KELKRIS ASSOCIATES, INC. DBA CREDIT BUREAU ASSOCIATES

Defendant: ALBERTA ROSE JONES

| **PROOF OF SERVICE<br>SUMMONS & COMPLAINT** | Hearing Date:<br>Tue, Sep. 12, 2006 | Time:<br>8:30AM | Dept/Div:<br>2 | Case Number:<br>FCM093334 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS & COMPLAINT; DECLARATION IN SUPPORT OF REDUCED FILING FEE FOR THIRD PARTY FILING IN SMALL CLAIMS JURISDICTION PURSUANT TO BUSINESS & PROFESSIONS CODE; ALTERNATIVE WAYS TO RESOLVE YOUR CIVIL DISPUTE BROCHURE; BLANK STIPULATION FOR ADR; NOTICE PILOT PROJECT; NOTICE OF CASE MANAGEMENT CONFERENCE

3. a. Party served:         ALBERTA ROSE JONES
   b. Person served:        party in item 3.a., White Female 58 Years Old, Blond Hair, Blue Eyes, 5 Feet 7 Inches, 165 Pounds

4. Address where the party was served:    1144 TANGERINE WAY
                                          SUNNYVALE, CA 94087

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Sun., Apr. 09, 2006 (2) at: 10:26AM
6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant
7. Person Who Served Papers:                        Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. MICHAEL MATTHEWS               d.  The Fee for Service was:   $46.00

                                     e.  I am: (3) registered California process server
                                         (i)   Employee
**M E'S**                                  (ii)  Registration No.:      570
Process Serving                            (iii) County:               Santa Clara
P.O. Box 19463
Sacramento, CA 95819
916.498.0808 • FAX 916.498.0817

16

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:Mon, Apr. 10, 2006

Judicial Council form POS-010                 PROOF OF SERVICE              (MICHAEL MATTHEWS)       three.92259
Rule 982.9.(a)&(b) Rev July 1, 2004           SUMMONS & COMPLAINT

07/30/07  MON 11:09 FAX 170764▇▇7          FedEx Kinko's Vall▇▇                    ☒007

| Attorney or Party without Attorney: | |
|---|---|
| TERRY A. DUREE ESQ., Bar #61008<br>TERRY A. DUREE, INC.<br>710 MISSOURI STREET<br>FAIRFIELD, CA 94533 | *For Court Use Only* |
| Telephone No: 707-422-8933 | *Ref. No or File No.:* |

Insert name of Court, and Judicial District and Branch Court:
SOLANO COUNTY SUPERIOR COURT

SOLA▇▇ ▇▇▇▇▇ ▇OURT

Plaintiff: KELKRIS ASSOCIATES, INC. DBA CREDIT BUREAU ASSOCIATES

Defendant: ALBERTA ROSE JONES

0▇ APR 17 AM 9:22

BY ▇▇Robins
DEPUTY CLERK

| **Affidavit of Reasonable Diligence** | Hearing Date:<br>Tue, Sep. 12, 2006 | Time:<br>8:30am | Dept/Div:<br>2 | Case Number:<br>FCM093334 |
|---|---|---|---|---|

1. I, LAURI GREENBERG, and any employee or independent contractors retained by b. MOE'S PROCESS SERVING are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on Defendant DONALD D. JONES as follows:

2. **Documents:** SUMMONS & COMPLAINT; DECLARATION IN SUPPORT OF REDUCED FILING FEE FOR THIRD PARTY FILING IN SMALL CLAIMS JURISDICTION PURSUANT TO BUSINESS & PROFESSIONS CODE; ALTERNATIVE WAYS TO RESOLVE YOUR CIVIL DISPUTE BROCHURE; BLANK STIPULATION FOR ADR; NOTICE PILOT PROJECT; NOTICE OF CASE MANAGEMENT CONFERENCE.

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Wed | 03/29/06 | 10:43am | Home | NO ANSWER AT THE RESIDENCE ADDRESS.; Attempt made by: MICHAEL MATTHEWS. Attempt at: 1144 TANGERINE WAY  SUNNYVALE CA 94087. |
| Sat | 04/01/06 | 11:30am | Home | NO ANSWER AT THE RESIDENCE ADDRESS.; Attempt made by: MICHAEL MATTHEWS. Attempt at: 1144 TANGERINE WAY  SUNNYVALE CA 94087. |
| Tue | 04/04/06 | 9:34pm | Home | NO ANSWER AT THE RESIDENCE ADDRESS.; Attempt made by: MICHAEL MATTHEWS. Attempt at: 1144 TANGERINE WAY  SUNNYVALE CA 94087. |
| Fri | 04/07/06 | 7:41pm | Home | NO ANSWER AT THE RESIDENCE ADDRESS.; Attempt made by: MICHAEL MATTHEWS. Attempt at: 1144 TANGERINE WAY  SUNNYVALE CA 94087. |
| Sun | 04/09/06 | 10:25am | Home | PER CO-RESIDENT, THE SUBJECT IS NOT AVAILABLE AT THIS TIME. ; Attempt made by: MICHAEL MATTHEWS. Attempt at: 1144 TANGERINE WAY  SUNNYVALE CA 94087. |
| Sun | 04/09/06 | 10:26am | | Substituted Service on: DONALD D. JONES Home - 1144 TANGERINE WAY SUNNYVALE, CA. 94087 by Serving: ALBERTA ROSE JONES, CO-RESIDENT, White Female 58 Years Old, Blond Hair, Blue Eyes, 5 Feet 7 Inches, 165 Pounds Member Household over 18 by leaving a copy of the document(s) with: ALBERTA ROSE JONES, CO-RESIDENT.  Served by: MICHAEL MATTHEWS |
| Mon | 04/10/06 | | | Mailed copy of Documents to: DONALD D. JONES |

3. *Person Executing*
   a. LAURI GREENBERG
   **b. MOE'S PROCESS SERVING**
   2300 P STREET
   SACRAMENTO, CA 95816
   c. 916 498-0808, FAX 916-498-0817

Recoverable Costs Per CCP 1033.5(a)(4)(B)
d. *The Fee for service was:* $20.00
e. *I am:* (3) registered California process server
   (i) Employee
   (ii) *Registration No.:*       98-10
   (iii) *County:*                 Sacramento

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1B

Date: Mon, Apr. 10, 2006
   Page: 1

**Affidavit of Reasonable Diligence**

(LAURI GREENBERG)

credit b.92260

To Whom It May Concern,

I, Patricia G. Haman, declare under

Penalty of perjury under the laws of the
United States of America that on August 28,
2007 I was present and personally heard
Alberta Jones ask attorney Bret A. Ysell
to delay the hearing to another day after
serving him notice of removal papers.
He refused to delay the hearing until
another day. At no point in time did
he mention that he was not the attorney
of record which was Jerry A. Duree.
I later attended the court hearing that
same morning which Alberta Jones asked
to have delayed to another day. At no
point in time from 8:20 Am to 12 noon did
Attorney Jerry A. Duree make an appearance.
I did see Attorney Bret A Ysell appear in
the case of FCM 093334. At no point in time
did he tell the judge that he was not the
attorney of record why Jerry A Duree not
available.

This date 09/07/07    Patricia G. Haman
                      PATRICIA G. HAMAN
                      09/07/07

1   Alberta Rose Jones
    1144 Tangerine Way
2   Sunnyvale, Ca 94087

3                   UNITED STATES DISTRICT COURT

4              FOR THE NORTHERN DISTRIC OF CALIFORNIA

5                       SAN JOSE DIVISION

6

7   Alberta Rose Jones, Donald D. Jones        ) CASE NO. 07-04421 JW
                                               )
8              Plaintiff,                      )   SWORN DECLARATION OF PATRICIA
                                               ) G. HAMAN REGARDING KELKRIS
9              v.                              ) HAVING NO DEMAND LETTERS
                                               )
10  Kelkris Associates Inc. DBA Credit Bureau  )
    Associates, Kathryn A. Parson, Terry A.    )
11  Duree, Linda G. Ashcraft, Michael Matthews,)        JANSEN & YAPLE, LLP
    Moes Process Serving, Ava E. Williams,     )
12  Wendy A. Getty, Patricia Coleman, Joan     )
    Crawford, Karl Phillips, William C. Harrison,)       BRET A. YAPLE
13  Edmund G. Brown Jr., Barbara Boxer, United )          ATTORNEY AT LAW
    States of America and Does 1-100.          )
14                                             )
                                               )                    TEL: (707) 421-1650
15             Defendants.                     )    622 JACKSON STREET    FAX: (707) 422-1520
                                               )    FAIRFIELD, CA 94533   PGR: (707) 470-3809
16

17   SWORN DECLARATION OF PATRICIA G. HAMAN OF KELKRIS AND

18            ASSOCIATES HAVING NO DEMAND LETTERS

19

20        Attached is a sworn declaration of Patricia G. Haman who was present when Kathy A. Parson and her fake

21   attorney of record, Bret A Yaple whose card is scanned into this legal document below stated that there were no

22   demand letters in the file of Donald D. Jones and Alberta Rose Jones and that none had been sent by Kelkris

23   Associates DBA Credit Bureau Associates.

24

25   Dated: September 7, 2007          Alberta Rose Jones

26

          SWORN DECLARATION OF PATRICIA HAMAN AUG 28 2007 CASE NO 07-04421-JW 1

To Whom it May concern,

I, Patricia G. Haman, declare under penalty of perjury under the laws of the United States of America that on August 28, 2007 I was present and personally heard Kathryn Parson and her attorney Bret A. Yppe of Keltris Associates DBA Credit Bureau Associates outside of courtroom # 203, 600 Union Street Avenue pH, Fairfield, CA that she never sent a money demand or any demand letter for money to Alberta Rose Jones or Donald D. Jones prior to suing them in state court. regarding case # Fmc 09334.

this date 08/28/2007 Solano County, California

Patricia G. Haman
PATRICIA G. HAMAN
08/28/2007

The Fair Debt Collection Practices Act                                                Page 1 of 9

**FEDERAL TRADE COMMISSION**
FOR THE CONSUMER              Search: [_____]  ▮

HOME | CONSUMERS | BUSINESSES | NEWSROOM | FORMAL | ANTITRUST | CONGRESSIONAL | ECONOMIC | LEGAL
Privacy Policy | About FTC | Commissioners | File a Complaint | HSR | FOIA | IG Office | En Español

# THE FAIR DEBT COLLECTION PRACTICES ACT

*As amended by Public Law 104-208, 110 Stat. 3009 (Sept. 30, 1996)*

———————————————————

To amend the Consumer Credit Protection Act to prohibit abusive practices by debt collectors.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.) is amended by adding at the end thereof the following new title:

TITLE VIII - DEBT COLLECTION PRACTICES  [Fair Debt Collection Practices Act]

Sec.
801. Short Title
802. Congressional findings and declaration of purpose
803. Definitions
804. Acquisition of location information
805. Communication in connection with debt collection
806. Harassment or abuse
807. False or misleading representations
808. Unfair practice
809. Validation of debts
810. Multiple debts
811. Legal actions by debt collectors
812. Furnishing certain deceptive forms
813. Civil liability
814. Administrative enforcement
815. Reports to Congress by the Commission
816. Relation to State laws
817. Exemption for State regulation
818. Effective date

**§ 801. Short Title**  [15 USC 1601 note]

This title may be cited as the "Fair Debt Collection Practices Act."

**§ 802. Congressional findings and declarations of purpose**  [15 USC 1692]

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**§ 803. Definitions** [15 USC 1692a]

As used in this title --

(1) The term "Commission" means the Federal Trade Commission.

(2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

(3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include --

   (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

   (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

   (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

   (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

   (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

   (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

(7) The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment.

(8) The term "State" means any State, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any political subdivision of any of the foregoing.

§ 804. **Acquisition of location information** [15 USC 1692b]

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall --

   (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

(2) not state that such consumer owes any debt;

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

(4) not communicate by post card;

(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector.

### § 805. Communication in connection with debt collection [15 USC 1692c]

(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(c) CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

(d) For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

### § 806. Harassment or abuse [15 USC 1692d]

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3)[1] of this Act.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

## § 807. False or misleading representations [15 USC 1692e]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of --

    (A) the character, amount, or legal status of any debt; or

    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to --

    (A) lose any claim or defense to payment of the debt; or

    (B) become subject to any practice prohibited by this title.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial

communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 603(f) of this Act.

### § 808. Unfair practices [15 USC 1692f]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true propose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if --

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

### § 809. Validation of debts  [15 USC 1692g]

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

## § 810. Multiple debts  [15 USC 1692h]

If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

## § 811. Legal actions by debt collectors  [15 USC 1692i]

(a) Any debt collector who brings any legal action on a debt against any consumer shall --

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity --

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

(b) Nothing in this title shall be construed to authorize the bringing of legal actions by debt collectors.

## § 812. Furnishing certain deceptive forms  [15 USC 1692j]

(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title.

## § 813. Civil liability  [15 USC 1692k]

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of --

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors --

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

(c) A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(d) An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(e) No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

§ 814. **Administrative enforcement**  [15 USC 1692*l*]

(a) Compliance with this title shall be enforced by the Commission, except to the extend that enforcement of the requirements imposed under this title is specifically committed to another agency under subsection (b). For purpose of the exercise by the Commission of its functions and powers under the Federal Trade Commission Act, a violation of this title shall be deemed an unfair or deceptive act or practice in violation of that Act. All of the functions and powers of the Commission under the Federal Trade Commission Act are available to the Commission to enforce compliance by any person with this title, irrespective of whether that person is engaged in commerce or meets any other jurisdictional tests in the Federal Trade Commission Act, including the power to enforce the provisions of this title in the same manner as if the violation had been a violation of a Federal Trade Commission trade regulation rule.

(b) Compliance with any requirements imposed under this title shall be enforced under --

(1) section 8 of the Federal Deposit Insurance Act, in the case of --

(A) national banks, by the Comptroller of the Currency;

(B) member banks of the Federal Reserve System (other than national banks), by the Federal Reserve Board; and

(C) banks the deposits or accounts of which are insured by the Federal Deposit Insurance Corporation (other than members of the Federal Reserve System), by the Board of Directors of the Federal Deposit Insurance Corporation;

(2) section 5(d) of the Home Owners Loan Act of 1933, section 407 of the National Housing Act, and sections 6(i) and 17 of the Federal Home Loan Bank Act, by the Federal Home Loan Bank Board (acting directing or through the Federal Savings and Loan Insurance Corporation), in the case of any institution subject to any of those provisions;

(3) the Federal Credit Union Act, by the Administrator of the National Credit Union Administration with respect to any Federal credit union;

(4) subtitle IV of Title 49, by the Interstate Commerce Commission with respect to any common carrier subject to such subtitle;

(5) the Federal Aviation Act of 1958, by the Secretary of Transportation with respect to any air carrier or any foreign air carrier subject to that Act; and

(6) the Packers and Stockyards Act, 1921 (except as provided in section 406 of that Act), by the Secretary of Agriculture with respect to any activities subject to that Act.

(c) For the purpose of the exercise by any agency referred to in subsection (b) of its powers under any Act referred to in that subsection, a violation of any requirement imposed under this title shall be deemed to be a violation of a requirement imposed under that Act. In addition to its powers under any provision of law specifically referred to in subsection (b), each of the agencies referred to in that subsection may exercise, for the purpose of enforcing compliance with any requirement imposed under this title any other authority conferred on it by law, except as provided in subsection (d).

(d) Neither the Commission nor any other agency referred to in subsection (b) may promulgate trade regulation rules or other regulations with respect to the collection of debts by debt collectors as defined in this title.

### § 815. Reports to Congress by the Commission [15 USC 1692m]

(a) Not later than one year after the effective date of this title and at one-year intervals thereafter, the Commission shall make reports to the Congress concerning the administration of its functions under this title, including such recommendations as the Commission deems necessary or appropriate. In addition, each report of the Commission shall include its assessment of the extent to which compliance with this title is being achieved and a summary of the enforcement actions taken by the Commission under section 814 of this title.

(b) In the exercise of its functions under this title, the Commission may obtain upon request the views of any other Federal agency which exercises enforcement functions under section 814 of this title.

### § 816. Relation to State laws [15 USC 1692n]

This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title.

### § 817. Exemption for State regulation [15 USC 1692o]

The Commission shall by regulation exempt from the requirements of this title any class of debt collection practices within any State if the Commission determines that under the law of that State that class of debt collection practices is subject to requirements substantially similar to those imposed by this title, and that there is adequate provision for enforcement.

### § 818. Effective date [15 USC 1692 note]

This title takes effect upon the expiration of six months after the date of its enactment, but section 809 shall apply only with respect to debts for which the initial attempt to collect occurs after such effective date.

Approved September 20, 1977

---

### ENDNOTES

1. So in original; however, should read "604(a)(3)."

---

### LEGISLATIVE HISTORY:

Public Law 95-109 [H.R. 5294]

HOUSE REPORT No. 95-131 (Comm. on Banking, Finance, and Urban Affairs).

SENATE REPORT No. 95-382 (Comm. on Banking, Housing, and Urban Affairs).

The Fair Debt Collection Practices Act                                    Page 9 of 9

CONGRESSIONAL RECORD, Vol. 123 (1977):

    Apr. 4, considered and passed House.

    Aug. 5, considered and passed Senate, amended.

    Sept. 8, House agreed to Senate amendment.

WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS, Vol. 13, No. 39:

    Sept. 20, Presidential statement.

**AMENDMENTS:**

SECTION 621, SUBSECTIONS (b)(3), (b)(4) and (b)(5) were amended to transfer certain administrative enforcement responsibilities, pursuant to Pub. L. 95-473, § 3(b), Oct. 17, 1978. 92 Stat. 166; Pub. L. 95-630, Title V. § 501, November 10, 1978, 92 Stat. 3680; Pub. L. 98-443, § 9(h), Oct. 4, 1984, 98 Stat. 708.

SECTION 803, SUBSECTION (6), defining "debt collector," was amended to repeal the attorney at law exemption at former Section (6)(F) and to redesignate Section 803(6)(G) pursuant to Pub. L. 99-361, July 9, 1986, 100 Stat. 768. For legislative history, *see* H.R. 237, HOUSE REPORT No. 99-405 (Comm. on Banking, Finance and Urban Affairs). CONGRESSIONAL RECORD: Vol. 131 (1985): Dec. 2, considered and passed House. Vol. 132 (1986): June 26, considered and passed Senate.

SECTION 807, SUBSECTION (11), was amended to affect when debt collectors must state (a) that they are attempting to collect a debt and (b) that information obtained will be used for that purpose, pursuant to Pub. L. 104-208 § 2305, 110 Stat. 3009 (Sept. 30, 1996).

HOME | CONSUMERS | BUSINESSES | NEWSROOM | FORMAL | ANTITRUST | CONGRESSIONAL | ECONOMIC | LEGAL
Privacy Policy | About FTC | Commissioners | File a Complaint | HSR | FOIA | IG Office | En Español

Get a Document by Citation 74 F. Supp. 2d 691    Filed 10/01/2007    Page 25 of 28   Page 1 of 4

74 F. Supp. 2d 691, *; 1999 U.S. Dist. LEXIS 17551, **

SALLY THRASHER, PLAINTIFF VS. CARDHOLDER SERVICES, DIRECT MERCHANTS BANK, ABC, AND DEF, DEFENDANTS

CIVIL ACTION NO. 3:99CV630BN

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, JACKSON DIVISION

74 F. Supp. 2d 691; 1999 U.S. Dist. LEXIS 17551

November 5, 1999, Decided

**DISPOSITION: [**1]** Plaintiff's Motion to Remand [2] denied.


**COUNSEL:** For SALLY THRASHER, plaintiff: Eugene Coursey Tullos, TULLOS, TULLOS & TULLOS, Raleigh, MS.

For CARDHOLDER SERVICES, DIRECT MERCHANTS BANK, defendants: C. York Craig, Jr., Jack Robinson Dodson, III, WATKINS LUDLAM WINTER & STENNIS, P.A., Jackson, MS.

**JUDGES:** William H. Barbour, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** William H. Barbour, Jr.

OPINION


[*692] **OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion to Remand. After considering the motion and the response of Defendants, the Court finds that the motion is not well taken and is therefore denied.

**I. Background**

Plaintiff filed this lawsuit on August 3, 1999, in the Circuit Court of Smith County, Mississippi. The complaint alleges that Plaintiff has been harassed by Defendants regarding a disputed credit card debt.

The named Defendants, each of which is a corporation domiciled outside the state of Mississippi, removed the case to this Court on September 10, 1999. As grounds for removal, Defendants asserted both diversity and federal question jurisdiction. Defendants argue that the jurisdictional amount in controversy required by 28 U.S.C. § 1332 **[**2]** is met in this case, despite the fact that the specific amount alleged in the complaint is $ 72,500.00, which is below the $ 75,000.00 jurisdictional requirement. Defendants also assert that federal question jurisdiction exists, under the artful pleading doctrine, because Plaintiff's state law claims are in fact "thinly veiled" federal claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. Since the Court concludes that it has federal question jurisdiction, it is not necessary to address the issue of diversity jurisdiction.

[*693] **II. Discussion**

Defendants assert that the Court has federal question jurisdiction under 28 U.S.C. § 1331 because, although the complaint does not contain a federal question on its face, for all practical purposes, Plaintiff has alleged a cause of action governed by federal law. In particular, Defendants assert that Plaintiff's claims are governed by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Plaintiff counters with the argument that she has pled a viable state law cause of action for

intentional or negligent infliction of emotional **[**3]** distress.

Generally, to determine whether an action presents a federal question for removal purposes, the court must examine the allegations of the plaintiff's well pleaded complaint. Carpenter v. Wichita Falls Independent School District, 44 F.3d 362, 366 (5th Cir. 1997). Under the well pleaded complaint rule, a federal question must appear on the face of a plaintiff's state court complaint before a federal district court can exercise removal jurisdiction. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 53 L. Ed. 126, 29 S. Ct. 42 (1908).

The pertinent portions of the complaint are paragraphs 6 and 7. In paragraph 6, Plaintiff alleges that she "received harassing, intimidating, and threatening phone calls from the Defendants ... about an account which she had and [sic] the Plaintiff has continued to receive harassing and threatening phone calls from the Defendants." In paragraph 7, Plaintiff alleges that "the actions of the Defendants have caused the Plaintiffs [sic] much embarrassment, humiliation, worry, mental anguish, and physical pain, and they [sic] are entitled to be compensated." Although this language does not allege any specific **[**4]** cause of action, it clearly does not reveal a federal question on its face.

However, Defendants argue that the artful pleading doctrine should apply to make this case removable, even though no federal claims appear on the face of the complaint. This doctrine applies when a plaintiff has a federal claim but files her case in state court, asserting only state law claims worded in such a way as to avoid federal jurisdiction. In such a situation, courts are required to look behind the face of complaint and ascertain the real nature of a plaintiff's complaint. See generally, Carpenter, 44 F.3d at 366-67.

One situation in which the artful pleading doctrine applies is where the state law causes of action pled in the complaint are preempted by federal law. In such a situation, the case is removable even though only state law claims appear in the compliant. See Avco Corp. v. Aero Lodge No. 735, Intl. Assn. of Machinists & Aerospace Workers, 390 U.S. 557, 20 L. Ed. 2d 126, 88 S. Ct. 1235 (1968)(holding that where § 301 of the Taft Hartley applies, the case is removable even if only state law claims appear in the complaint); Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987) **[**5]** (holding that where ERISA applies, the case can be removed to federal court even if only state law claims appear in the compliant).

The issue faced by the Court in this case is whether the FDCPA preempts state common law causes of action arising out of conduct proscribed by the FDCPA. Pertinent to the Court's decision, therefore, are the proscriptive provisions of the FDCPA. The FDCPA prohibits a "debt collector" from "communicating with a consumer in connection with the collection of any debt - (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c. The FDCPA also prohibits any conduct that constitutes "harassment or abuse" and "false or misleading representations" in connection with the collection of a debt. See 15 U.S.C. §§ 1692d and 1692e. The conduct complained of by Plaintiff clearly falls into one or more of these categories of proscribed conduct. The Act defines the term "debt **[*694]** collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts **[**6]** ...." 15 U.S.C. § 1692a(5). Defendants meet this definition because they used interstate telephone lines to attempt to collect a debt. A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff clearly meets this definition. Therefore, if the FDCPA preempts common law causes of action, it governs Plaintiff's claims and the Court has jurisdiction over the case.

The FDCPA contains preemption language, but that language is directed toward state laws which deal directly with debt collection practices:

> This subchapter does not annul, alter, or affect or exempt any person subject to the provisions of this subchapter from complying with the laws of any State *with respect to debt collection practices*, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

15 U.S.C. § 1692n **[\*\*7]** (emphasis added). It is clear that a state law that specifically regulates debt collection is not preempted by the FDCPA, as long as the state law provides the debtor greater protection from improper conduct than the FDCPA. 15 U.S.C. § 1692n. See also Irwin v. Mascott, 186 F.R.D. 567, 573 (N.D. Cal. 1999)(holding that the FDCPA does not preempt state laws, such as the Cal. Bus. & Prof. Code § 17200, that regulate debtor/creditor relationships and provide greater protection from debt collectors than the FDCPA) and Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 472-73 (M.D. La. 1995)(holding that La. Rev. Stat. Ann. § 9:3576.8, which required debt collectors to be licensed by the state, was not preempted by the FDCPA because the provisions of the state statute were viewed as additional protection from debt collectors).

This preemption language indicates that Congress intended to preempt some state legislation, but it does not directly address the more precise issue presented by this case, which is whether the FDCPA preempts state common law causes of action, such as Plaintiff's intentional or negligent infliction of emotional **[\*\*8]** distress claims, which are not limited in scope to abusive "debt collection practices."

In the absence of "explicit preemptive language," the United States Supreme Court has recognized two types of "implied preemption." Gade v. National Solid Wastes, 505 U.S. 88, 98, 120 L. Ed. 2d 73, 112 S. Ct. 2374 (1992). First, is "field preemption," which is "where the scheme of federal regulation is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.'" Id. (citation omitted). The Court has considered whether the preemption language quoted above might be read to indicate that Congress intended to preempt the entire field of debt collection practices. But, this analysis breaks down because Congress addressed preemption and then granted the exception to that preemption by giving states the right to legislate in the debt collection practices area in addition to Congress. Thus, it appears that field preemption is not the proper analysis.

The second type of implied preemption is "conflict preemption," which is "where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives **[\*\*9]** of Congress'" embodied by the federal law. Id. "In any preemption analysis, 'the purpose of Congress is the ultimate touchstone.'" Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 85 L. Ed. 2d 728, 105 S. Ct. 2380 (1985). The stated purpose of the FDCPA **[\*695]** "is ... to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumer against debt collection abuses." 15 U.S.C. § 1692(e). The Court finds that Congress clearly meant to preempt some state causes of action because it specifically addressed preemption in § 1692n. The Court further finds that to permit plaintiffs in Mississippi to pursue causes of action alleging intentional or negligent infliction of emotional distress as remedies for abusive debt collection practices would stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in the FDCPA. Accordingly, under the doctrine of conflict preemption, the Court finds that Congress preempted **[\*\*10]** state causes of action alleged by Plaintiff.

Alternatively, the Court finds that the civil remedies section of the FDCPA, 15 U.S.C. § 1692k, preempts the state common law claims made by Plaintiff in this case under the doctrine of "conflict preemption" to the extent that recovery on those claims conflicts with the recovery provided under § 1692k. Through her intentional or negligent infliction of emotional distress claims, [1] Plaintiff seeks compensatory and punitive damages for injuries she has allegedly incurred by being harassed by Defendants regarding a debt they allege she owes. However, § 1692k limits the liability of a debt collector for engaging in the type of conduct proscribed by the FDCPA.

## FOOTNOTES

[1] The complaint does not specifically allege any cause of action, including infliction of emotional distress. However, for the sake of argument, the Court will construe the language of the complaint to allege intentional or negligent infliction of emotional distress.

First, § 1692k(a)(1) **[\*\*11]** states that a debt collector is liable for "any actual damage sustained by [the debtor] as a result of" a failure to comply with the proscriptive provisions of the Act. This provides for compensatory damages. To the extent that state common law allows compensatory damages, the

protection it provides is co-extensive with the damages provision of the FDCPA. It is, therefore, not "greater than the protection provided" by the FDCPA and is preempted. 15 U.S.C. § 1692n.

Next, § 1692k(a)(2) states that a debt collector who violates the proscriptive provisions of the FDCPA is liable for "such additional damages as the court may allow, but no exceeding $ 1,000; ... and in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." [2] This precludes an award of punitive damages in excess of $ 1,000.00. Therefore, to the extent that Plaintiff seeks punitive damages in excess of $ 1,000.00, her claims conflict with the limitation on liability found in § 1692k(a)(2). Those claims are therefore preempted.

## FOOTNOTES

[2] Section 1692(a)(2)(B) provides, in the case of a class action, for an additional amount "not to exceed $ 500,000 or 1 per centum of the net worth of the debt collector" for the class.

[**12] Because Plaintiff's state common law causes of action are preempted by the FDCPA, the artful pleading doctrine applies. The Court accordingly finds that the complaint presents a federal question. Removal on federal question grounds was, therefore, proper, and Plaintiff's Motion to Remand is accordingly denied.

## III. Conclusion

For the foregoing reasons, the Court finds that it has federal question jurisdiction. The Court finds that, despite Plaintiff's argument that she has alleged viable state law claims, her claims are governed by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the remedies available to her are accordingly limited.

[*696] IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [2] is hereby denied. This Court will retain jurisdiction over this case.

IT IS THEREFORE FURTHER ORDERED that Plaintiff, by November 12, 1999, is to file an amended complaint recasting her cause of action under the provisions of the FDCPA.

SO ORDERED this the 5th day of November, 1999.

William H. Barbour, Jr.

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **74 F. Supp. 2d 691**
View: Full
Date/Time: Friday, September 28, 2007 - 7:01 PM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
[A] - Citing Refs. With Analysis Available
[i] - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.